Claude Bernard ROBINSON and Julia D. Robinson, Infants, by Melvin Robinson, Their Father and Next Friend, et al., Plaintiffs-Appellants,

v.

SHELBY COUNTY BOARD OF EDUCATION et al., Defendants-Appellees,

United States of America, by Ramsey Clark, Acting Attorney General, Plaintiff-Intervenor.

No. 20629.

United States Court of Appeals, Sixth Circuit.

May 10, 1971.

Weick, Circuit Judge, filed an opinion concurring only in the remand of case and William E. Miller, Circuit Judge, filed an opinion concurring in the result.

Norman J. Chachkin, New York City, for plaintiffs-appellants; William E. Caldwell, Walter L. Bailey, Jr., Russell B. Sugarmon, Jr., Ratner, Sugarmon & Lucas, Memphis, Tenn., Jack Greenberg, New York City, on brief.

R. Lee Winchester, Jr., Memphis, Tenn., for defendants-appellees; Goff, Winchester & Walsh, Memphis, Tenn., on brief.

Before WEICK, McCREE and MILLER, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from a District Court order approving, with minor modifications, the most recent desegregation plan proffered by appellee Board of Education. The original suit in this controversy was commenced on June 12, 1963 to compel the desegregation of the public schools within the district consisting of all Shelby County, Tennessee, outside the City of Memphis. This court recently was presented another aspect of this case in defendants' appeal from a District Court order rejecting a plan submitted by the Board of Education prior to the 1969–70 school year. At the same time, we were presented a companion appeal, brought by plaintiffs from a District Court order denying their motion to require adoption of a unitary system immediately. Before we reached a decision on the merits of those appeals, the 1969–70 school year ended and the District Court entered, on April 6, 1970, the opinion and order which is the subject of this appeal. We therefore dismissed the earlier appeals as moot. A more detailed discussion of the recent history of this case is included in the District Court's April 6 opinion which is published as Robinson

v. Shelby County Bd. of Educ., 311 F. Supp. 97, 99–101 (W.D.Tenn.1970).

Under the plan approved by the District Court, no pupil is allowed to attend a school outside the zone in which he lives except for very limited administrative or educational reasons. The court found that, with one exception, the boundaries of the proposed zones were not gerrymandered to preserve segregation. After the gerrymandered boundary was changed, the court approved the Board's plan.

The court also had before it the suggestions of the Title IV Consulting Center of the University of Tennessee and the suggestions of the United States Attorney General. The primary differences between the Board's plan and the suggestions of the Center and the Attorney General are summarized in the court's opinion. In three instances, the Center and the Attorney General would pair two schools. Under the Board's plan, each of these schools constituted a separately zoned school. In one instance, the Center and the Attorney General would close a school and consolidate its students with those of another nearby school. Additionally, both the Center and the Attorney General suggested changing the line dividing two zones in order to improve the racial balance in the affected schools. Finally, the Center recommended another change in the location of a boundary between two zones. Each of the changes proposed by the Center and the Attorney General would significantly increase the effectiveness of the plan in disestablishing the state-imposed segregation. However, the District Judge concluded that:

> * * * a school system that has honestly drawn unitary geographical zone lines, that is, zones not gerrymandered to preserve segregation, and that severely limits transfers as hereinafter provided, is not a "dual system" with respect to pupils. We also should state * * * that any proposal of the defendant Board that is constitutional must be approved. 311 F.Supp. at 102–103. (Footnote omitted).

Although this may be a correct statement of the duty imposed upon a school district which has not practiced racial segregation, it does not apply here where there has been a long history of segregated education. In this case, the Supreme Court has recognized the affirmative duty of the lower courts to require the eradication of the effects of past unlawful discrimination in this language:

> We bear in mind that the court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future. Green v. County School Bd. of New Kent County, 391 U.S. 430, 438 n. 4, 88 S.Ct. 1689, 1694, 20 L.Ed.2d 716 (1968).

The Court also stated that:

> It is incumbent upon the school board to establish that its proposed plan promises meaningful and immediate progress toward disestablishing state-imposed segregation. It is incumbent upon the district court to weigh that claim in light of the facts at hand and in light of any alternatives which may be shown as feasible and more promising in their effectiveness. Id. at 439, 88 S.Ct. at 1695.

We have restated the duty of a school board to eradicate the effects of its prior policies of segregation. In Kelley v. Metropolitan County Bd. of Educ. of Nashville and Davidson County, 436 F.2d 856 (6th Cir. 1970), we quoted with approval the language of the District Court to illustrate our interpretation of the Supreme Court's mandate:

> It is the Court's conclusion that defendant's current policy of attendance zoning does not facilitate rapid conversion from a dual to a unitary school system. As is evident * * * the zone lines as they presently exist foster continued segregation in many instances. Corresponding as they do to racial residential patterns, it is difficult to envision any other result. Historic zone lines which purposely promote segregation must be altered. In mak-

ing such alterations defendant board should take those steps "which promise realistically to convert promptly to a system without a 'white' school and a 'Negro' school, but just schools." * *

All that is required of defendant in the area of zoning is that it take affirmative action to maximize integration in all feasible ways so as to promote the immediate establishment of a unitary school system. Id. at 861 (footnote and citations omitted).

Accordingly, the absence of a finding that the approved zones were racially gerrymandered or that the Board acted in bad faith does not excuse the District Court from ordering revision of the attendance zones to insure the Board's compliance with its affirmative duty. Monroe v. Board of Commissioners of City of Jackson, 427 F.2d 1005, 1009 (6th Cir. 1970); Monroe v. County Bd. of Educ. of Madison County, 439 F.2d 804 (6th Cir. 1971). Where there has been a history of state-imposed segregation of the schools, it is not sufficient to adopt a plan which, out of context, might be seen as nondiscriminatory but which does not do as much to disestablish segregation as an alternative proposal which is feasible and pedagogically sound. The School Board should be required to fulfill its affirmative duty to "eliminate the discriminatory effects of the past as well as bar like discrimination in the future." Green v. County School Bd. of New Kent County, *supra*, 391 U.S. at 438 n. 4, 88 S.Ct. at 1694; *cf.* United States v. Jefferson County Bd. of Educ., 372 F.2d 836, 869 (5th Cir. 1966), aff'd on rehearing en banc, 380 F.2d 385 (1967), cert. denied sub nom. Caddo Parish School Bd. v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967); Haney v. County Bd. of Educ. of Sevier County, 410 F.2d 920, 924–26 (8th Cir. 1969). Although a court will ordinarily not substitute its discretion for that of a board of education in selecting from competing plans, it may not defer to a board's discretion when it is exercised contrary to law.

■ Accordingly, the case is remanded for further proceedings in accordance with this opinion. Appellees' motion to dismiss this appeal as moot is denied. However, because the current school year is too far underway for practical immediate change, the new plan to result from further consideration by the court below need not be implemented immediately. The District Court shall expedite its consideration of this case to provide, if possible, an opportunity for the filing of objections and for appellate review, if sought, prior to the implementation of the modified plan. In any event, the plan to result from further consideration is to be implemented at the beginning of the 1971–72 school year.

Remanded for further proceedings in accordance with this opinion.

WEICK, Circuit Judge.

I concur only in the remand of the case without vacating the order of the District Court, for the reasons stated by Judge Miller, which remand will afford the District Court opportunity to consider the case in the light of the recent decisions of the Supreme Court.

WILLIAM E. MILLER, Circuit Judge, (concurring).

I concur in the result reached by Judge McCREE in his opinion.

As indicated, although the action is remanded for further proceedings, any plan resulting from a further consideration is not required to be implemented until the 1971–72 school year. The District Judge in his consideration of the problems presented will have the benefit of whatever further guidelines may have been supplied by the Supreme Court in its most recent rulings in this area. In the absence of such guidelines there has been a great divergence of views among lower courts as to the meaning of "unitary" and "dual" school systems, as to whether school boards are required to take affirmative action to eliminate existing racial patterns of segregation, as to the extent busing may be required or employed to effectuate further integra-

tion, and as to whether any mathematical distribution according to race is required among various schools.

Pending the reconsideration of the action by the District Judge in the light of the recent rulings of the Supreme Court, the District Judge's order of April 6, 1970, is to remain in full force and effect. That order accomplished considerable integration and represented a carefully reasoned approach to the problems before the District Judge in the light of the only standards which were available to him at the time—standards which were in my view at best nebulous and indistinct.